IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE KOENIG #288937
     Plaintiff                         :

     v.                             :     CIVIL ACTION NO. CCB-09-3488

STATE OF MARYLAND, et al.,        :
     Defendants

## MEMORANDUM

On December 31, 2009, a complaint alleging denial of access to the courts was filed on behalf of Bruce Koenig and fellow Maryland Division of Correction (DOC) prisoners Reginald Tucker, James Calhoun-el, and Mohammad Biglari.   The litigants sought injunctive and declaratory relief, money damages, and class action certification, asserting that Tucker, Calhoun-el, Biglari and other North Branch Correctional Institution prisoners were denied representation at disciplinary and Inmate Grievance Office (IGO) hearings from Koenig.   The prisoners complained that DOC personnel refused to provide an interpreter or real-time transcriptionist for Koenig at their  proceedings.   Class action certification and appointment of counsel was denied and separate actions were instituted for each prisoner plaintiff.   The above-captioned action is proceeding solely as to plaintiff Bruce Koenig, who alleges a deprivation of civil rights as well as violation of his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).

Koenig alleges that he has a civil "right" to act as a representative. A person has standing to enforce his rights only if he can demonstrate a concrete stake in the outcome of the controversy.  A plaintiff has a sufficient stake in the controversy only if he can show an injury in fact, caused by the defendant, that will be remedied by a decision in his favor.  Koenig does not claim that he was unable to represent himself at administrative hearings; rather, he claims that

other prisoners were injured because they could not avail themselves of his services at their hearings. The claims of these prisoners are proceeding in separate actions to which Koenig is not a party.[1]  Because Koenig's complaint is devoid of any indication that he was personally subjected to denial of representation, his claim of a civil rights violation shall be dismissed. *See Allen v. Wright*, 468 U.S. 737, 751 (1984); *Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th Cir. 1994).

Koenig also alleges that to deny him an opportunity to represent other prisoners violates his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).[2] To state a claim under Title II of the ADA,[3] Koenig must show that: (1) he is a qualified individual with a disability;[4] (2) he was excluded from participation in, or denied the benefits of

---

[1] In some instances, standing may be permitting so that a litigant can assert rights of others. *See NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 458-60 (1958) (NAACP permitted to assert the freedom of association rights of its members in attacking a state law requiring disclosure of membership list because its members could not file suit without disclosing their identifies; thus, third parties would find it difficult to assert their own rights).

[2]  Cases interpreting the language of the ADA and the RA have concluded that the applicable legal tests created by these statutes are interchangeable. *See Calloway v. Boro of Glassboro Dep't of Pol.,* 89 F. Supp. 2d 543, 551 (D.N.J. 2000).  Furthermore, Title II of the ADA applies to inmates in state prisons.  *See Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 213 (1998).

[3] Title II of the ADA provides in part:

> Subject to the provisions of this subchapter, no qualified individual with a
> disability shall, by reason of such disability, be excluded from participation in or
> be denied the benefits of the services, programs, or activities of a public entity,
> or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  Koenig's hearing loss may constitute a disability, as that term is defined by the ADA.  *See* 42 U.S.C. § 12102.

[4] A physical condition may qualify as a "disability" within the meaning of the ADA and RA, because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B).  Since enactment of the ADA Amendments Act of 2008, effective January 1, 2009, pursuant to  42 U.S.C. § 12102(4)(E)(i):

> The determination of whether an impairment substantially limits a major life activity shall be
> made without regard to the ameliorative effects of mitigating measures such as–
>
> (I) medication, medical supplies, equipment, or appliances, low-vision devices (which do not
> include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing
> aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen
> therapy equipment and supplies.

some service, program, or activity by reason of the disability; and (3) the entity providing the service, program, or activity is a public entity. *See Clarkson v. Coughlin,* 898 F. Supp. 1019, 1037 (S.D.N.Y. 1995). [5]  To establish a violation of the RA, Koenig must prove he: (1) is a qualified individual with a disability; (2) was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) was excluded from same due to discrimination solely on account of the disability. *See* 29 U.S.C. § 794(a); *Doe v. University of Maryland Medical System Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995); *Bane v. Virgina Dep't of Corrections*, 267 F.Supp.2d 514, 520  (W.D. Va. 2003).  Koenig has failed to prove violations of the ADA and the RA as he did not suffer a denial of benefits as a result of his inability to act as a representative for prisoners facing disciplinary challenges. In other words, the "program" or "activity" at issue is designed to benefit the prisoner facing disciplinary action or seeking redress pursuant to administrative remedies, and does not inure to the benefit of the prisoner representative.[6]  Koenig simply has no standing to pursue his claims in this forum.

---

[5] In *United States v. Georgia*, 546 U.S. 151 (2006), a paraplegic prisoner sued state defendants and others challenging the conditions of his confinement under, *inter alia*, § 1983 and Title II of the ADA.  The ADA damage claim was dismissed as barred by state sovereign immunity by the district court. *Id.* at 155. That decision was affirmed by the circuit court. *Id.* at 156. The Supreme Court granted certiorari to decide the validity of Title II's abrogation of state sovereign immunity and held that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the states for conduct that actually violates the Constitution. *Id.* at 159.

[6] Identification of such a program, service or activity is an essential element of a claim under the ADA. *See Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1996).  "Incarceration itself is hardly a 'program' or 'activity' to which a disabled person might wish access." *Crawford v. Indiana Dept. of Corrections*, 115 F.3d 481, 483 (7th Cir. 1997) (citation omitted) (abrogated on other grounds).

Koenig's complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[7]   A separate

order follows.

 January 13, 2010                ____/s/_____
(Date)                          Catherine C. Blake
                                  United States District Judge

---

[7] Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that--
>
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal--
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may
>       be granted; or
> (iii) seeks monetary relief against a defendant who
>       is immune from such relief.

Once three such dismissals are obtained, a prisoner will be barred from filing an action in federal court unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  This is Koenig's first such dismissal.